**In re OUSSET.**

**PITTONI v. OUSSET.**

No. 48133.

United States District Court
E. D. New York.
June 29, 1949.

876

Victor Kossow, Brooklyn, N. Y., for bankrupt.

Samuel S. Schwartz, New York City, for petitioning creditors.

Leon Lang, Valley Stream, N. Y., for respondent.

GALSTON, District Judge.

On June 1, 1949 an involuntary petition in bankruptcy was filed against the above named alleged bankrupt, and on the same day a receiver of his business was appointed and has since qualified as such receiver. It does not appear that the petition was opposed.

The receiver, without leave of this court, apparently is suing Philomena Ousset individually and as receiver. She, the wife of the bankrupt, was appointed by the Supreme Court, State of New York, County of Nassau, on or about May 2, 1949, in a matrimonial action for separation. The action had been begun on or about March 1, 1949.

By the motion before the court, the receiver seeks to have the State Court receiver surrender possession of such funds as are under her control resulting from the sale of property that belonged to the bankrupt.

At the outset it may be said that the receiver should first have sought permission from this court to proceed against the State Court receiver, see Title 11 U.S. C.A. § 11, sub. a(3); see also Order 40 of General Orders in Bankruptcy, 11 U.S.C.A. following section 53. Hence ,it must be concluded that this motion, even if otherwise sustainable, is prematurely brought.

Moreover on the more general proposition, it may be stated that on the showing made in the moving papers, this court should not interfere with the orderly procedure of the action in the State Court, see Emil v. Hanley, 2 Cir., 130 F.2d 369, affirmed In re John M. Russell, Inc., 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954. Doubtless a trustee will be elected or appointed in this proceeding, and such trustee may deem it advisable on behalf of all creditors to seek to intervene in the State Court action.

On the present showing I do not mean to decide that this court could not exercise summary jurisdiction in a proper proceeding brought by the trustee, as provided for in Title 11, Sec. 107, sub. a(4). Nevertheless it would seem that a petition by the trustee to intervene in the State Court action would bring before that court the charge of fraud set forth by a creditor whose affidavit supports the petition of the receiver herein; and, of course, the State Court doubtless will take cognizance of the fact that a bankruptcy court acquires the right to possession of all property of the bankrupt.

For the above reasons this motion is denied.

Settle order on notice.